NATIONAL CARBON COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 109040. Promulgated June 9, 1943.

*F. L. Jennings, Esq.,* for the petitioner.
*Henry C. Clark, Esq.,* for the respondent.

#### OPINION.

ARUNDELL, *Judge:* This proceeding is to contest the determination of an income tax deficiency of $75,385.15 for the year 1935, which resulted from the Commissioner's determination that the credit for foreign taxes deemed to have been paid by petitioner and allowable

under section 131 (f) of the Revenue Act of 1934 is $13,784.38 instead of $89,169.53, as contended by petitioner. The facts are found as stipulated or admitted in the pleadings. The return was filed in the third district of New York.

During 1935 petitioner received a dividend in kind from its wholly owned subsidiary, Canadian National Carbon Co., Ltd., a Canadian company hereinafter known as Canadian, of 2,050 shares of stock in the Dominion Oxygen Co., Ltd., also a Canadian company, hereinafter known as Dominion. The 2,050 shares of Dominion stock had cost Canadian $100,250 when acquired by purchase in 1919, and had a fair market value of $650,866.62 at the time they were distributed and received by petitioner. The dividend was included by petitioner in its taxable income for 1935 at the figure of $650,866.62.

Without taking into account the appreciation in value of the 2,050 shares of Dominion stock, at the time of the distribution Canadian had accumulated profits for the years 1935, 1933, 1932, and 1931 in excess of $650,866.62, upon or with respect to which it had paid or accrued foreign income taxes in excess of $89,169.53.

The 2,050 shares of Dominion stock were recorded and carried on Canadian's books at cost. The appreciation in value of such stock, in the sum of $550,616.62, was never recorded on its books nor reflected in its accumulated profits or surplus account, and no income, war profits, or excess profits taxes were ever paid by Canadian to any foreign country or any possession of the United States on said $550,616.62 or any part thereof. At the time of the declaration of the dividend, Canadian charged to and reduced its accumulated profits (designated on its books as "surplus"), as shown by its books, in the sum of $100,250 and no more, representing the cost to it of the 2,050 shares of Dominion stock.

Petitioner's entire taxable net income for 1935 was $3,496,135.02, and its United States income tax against which credit is sought was $480,718.57.

The dispute centers in the $550,616.62 of appreciation in the stock that was distributed, there being no controversy over the correctness of the various figures involved or the amount of credit allowable once the issue submitted has been decided. The credit involved is one based upon foreign taxes paid by a foreign subsidiary that are deemed to have been paid by the domestic parent corporation upon the accumulated profits of the subsidiary out of which the domestic company has received dividends in the tax year. It is granted by section 131 (f) of the Revenue Act of 1934, set forth below.[1] Respondent has

---

[1] SEC. 131. TAXES OF FOREIGN COUNTRIES AND POSSESSIONS OF UNITED STATES.

* * * * * * *

(f) TAXES OF FOREIGN SUBSIDIARY.—For the purposes of this section a domestic corporation which owns a majority of the voting stock of a foreign corporation from which it receives dividends in any taxable year shall be deemed to have paid the

allowed a credit based upon the receipt of a dividend in the amount of $100,250, which he contends was the only sum paid out of accumulated profits upon which the subsidiary had paid taxes. Petitioner contends for a credit based upon the fair market value of the distributed stock, or $650,866.62.

Respondent presents two contentions. The first is that only to the extent of the cost of the stock to Canadian. $100,250, was the distribution out of accumulated profits as shown on Canadian's books; and that the remainder of the value of the stock, $550,616.62, represented appreciation in value which was not reflected in accumulated profits on the books of Canadian and upon which no tax had been paid by the latter. Since cost was the figure used at all times by Canadian on its books, it is no doubt true that the distribution did not affect its accumulated profits "as shown by its books" except to the extent of such cost. But the authorities are numerous that this is unimportant. The Canadian company had earnings and profits in excess of $650,-866.62 at the time of the distribution. For the purposes of the revenue act, "every distribution is made out of earnings or profits to the extent thereof * * *" Sec. 115 (b). Revenue Act of 1934. Even were it possible or desirable to do so, the earmarking of a distribution as having been made from something other than earnings or profits can not be permitted in the face of the plain mandate of the statute. *John K. Beretta*, 1 T. C. 86, 99; *Leland* v. *Commissioner*, 50 Fed. (2d) 523; certiorari denied, 284 U. S. 656. Book treatment which facilitates such earmarking is therefore unavailing to thwart the legislative purpose.

The second and principal argument of respondent is that the appreciation in value of the stock constituted earnings and profits; that such appreciation represented the most recently accumulated earnings or profits and was necessarily a part of those distributed; and that no

same proportion of any income, war-profits, or excess-profits taxes paid by such foreign corporation to any foreign country or to any possession of the United States, upon or with respect to the accumulated profits of such foreign corporation from which such dividends were paid, which the amount of such dividends bears to the amount of such accumulated profits : *Provided,* That the amount of tax deemed to have been paid under this subsection shall in no case exceed the same proportion of the tax against which credit is taken which the amount of such dividends bears to the amount of the entire net income of the domestic corporation in which such dividends are included. The term "accumulated profits" when used in this subsection in reference to a foreign corporation. means the amount of its gains, profits, or income in excess of the income. war-profits. and excess-profits taxes imposed upon or with respect to such profits or income ; and the Commissioner with the approval of the Secretary shall have full power to determine from the accumulated profits of what year or years such dividends were paid ; treating dividends paid in the first sixty days of any year as having been paid from the accumulated profits of the preceding year or years (unless to his satisfaction shown otherwise). and in other respects, treating dividends as having been paid from the most recently accumulated gains, profits, or earnings. In the case of a foreign corporation. the income. war-profits, and excess-profits taxes of which are determined on the basis of an accounting period of less than one year. the word "year" as used in this subsection shall be construed to mean such accounting period.

tax had been paid by the subsidiary upon or with respect to the $550,616.62 of earnings represented by the appreciation.

Respondent's view appears to be (a) that earnings are augmented by the mere appreciation in value of a particular asset, or (b) that the act. of distributing the asset which has an enhanced value is an event. i. e., a disposition. that serves to realize the increment and thereby increases earnings or profits. Some support for respondent's position is to be gleaned from the opinion of the Second Circuit in *Binzel* v. *Commissioner*, 75 Fed. (2d) 989; certiorari denied. 296 U. S. 579. where it was said that the increase in value "resulted from earnings out of which the stock was originally purchased and pro tanto was added to its surplus available for dividends or for any other purpose." [2]

To test the correctness of this view, it is to be observed that it proceeds further than a line of cases holding that earnings or profits are increased or decreased by an exchange of an appreciated or depreciated asset. even though the exchange is nontaxable and the gain or loss resulting therefrom is not recognized in the computation of net income for tax purposes. *F. J. Young Corporation*, 35 B. T. A. 860; affd.. 103 Fed. (2d) 137; *Susan T. Freshman*. 33 B. T. A. 394. Under the rule of the *Young* case. if Canadian had exchanged the Dominion stock for other property prior to the distribution. the appreciation in value would have been realized and therefore included in earnings or profits even though the gain were nontaxable.

This latter rule, however. has been abrogated by specific legislation. Section 501 (a) of the Second Revenue Act of 1940. which by subsection (c) is made retroactive (with an exception not here material) as if a part of any prior revenue act, provides that gain or loss realized upon a sale or other disposition of property "shall increase or decrease the earnings and profits to. but not beyond. the extent to which such a realized gain or loss was recognized in computing net income under the law applicable to the year in which such sale or disposition was made." The committee reports disclose a clear purpose to overrule *Commissioner* v. *Young Corporation*, *supra*. and similar cases. H. Rept. No. 2894. p. 42; S. Rept. No. 2114. p. 23; H. Rept. No. 3002. p. 60. 76th Cong.. 3d sess.

Inasmuch as earnings or profits are not increased by appreciation in value even when "realized" through a nontaxable exchange, we think it necessarily follows that the mere appreciation, unaccompanied by an exchange can not have that effect. Furthermore, it is settled that the distribution in kind did not result in taxable income or gain to the distributing corporation. *General Utilities & Operat-*

---

[2] For a criticism of this opinion and a discussion of the general subject, see Paul, Selected Studies in Federal Taxation (Second Series), p. 174, *et seq.*

*ing Co.* v. *Helvering*, 296 U. S. 200, and consequently did not have the effect of increasing its earnings or profits. *Estate of H. H. Timken*, 47 B. T. A. 494, 518. In this respect the case is to be distinguished from a case where a dividend in a fixed amount is declared and is later satisfied by the distribution of property having a value in excess of cost to the distributing company. Cf. *Bacon-McMillan Veneer Co.*, 20 B. T. A. 556. We have here a simple declaration and distribution of a dividend in kind.

We think the conclusion is inescapable that the appreciation did not *ipso facto* become earnings or profits. *Elton Hoyt, 2nd.* 34 B. T. A. 1011; see *Chapman* v. *Anderson*, 11 Fed. Supp. 913. The distribution was a dividend to the extent of the fair market value of the stock in view of the fact that Canadian had earnings or profits, without resorting to the appreciation. sufficient to cover such fair market value. In the language of section 115 (b) the distribution was made "out of" those earnings. and the earnings were consequently diminished to the extent of the fair market value of the distribution. There is no question here but that Canadian had paid foreign taxes upon such earnings; indeed, the amount of taxes paid has been stipulated.

It is doubtless true, as respondent argues. that the foreign tax credit allowed by section 131 has for its purpose alleviation from double taxation. See S. Rept. No. 558. 73d Cong., 2d sess., p. 39. We find nothing in section 131 (f), however. which would operate to deny petitioner a credit in the case at bar. Respondent states that the Canadian company has never been taxed upon the appreciation in value of the stock that was distributed and therefore there is no need to grant petitioner a credit in order to avoid double taxation. This statement rests upon an earmarking of the distribution as having been made out of the unrealized appreciation. On the contrary, however, the company had earnings or profits and the distribution was made out of them. This conclusive presumption obtains, in the language of section 115 (b), "For the purposes of this Act * * *." which. of course, includes section 131 (f). Consequently, when the latter section speaks of "dividends." the only criterion available is that provided by section 115. In view of the fact that for revenue purposes the distribution was from earnings upon which petitioner's foreign subsidiary had paid taxes. respondent's argument that a credit would be unjustifiable must be rejected.

The determination of the Commissioner is reversed.

*Decision will be entered under Rule 50.*