Charles Russell McLean; Mildred Washburn McLean, Deceased, Charles Russell McLean, Executor; Estate of John L. Washburn, Deceased, Martha Hooker Washburn, Executrix; Genevieve Washburn; Hope Washburn; Martha Hooker Washburn; Ruby Washburn; Abbott M. Washburn v. Commissioner.
McLean v. Commissioner
Docket Nos. 1241, 1242, 1265, 1266, 1267, 1268, 1269, 1270.
United States Tax Court
1944 Tax Ct. Memo LEXIS 55; 3 T.C.M. (CCH) 1174; T.C.M. (RIA) 44357; November 2, 1944
*55 John E. Hughes, Esq., for the petitioners. Edward C. Adams, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: These proceedings, consolidated for hearing and opinion, involve deficiencies in income tax for the year 1939 as follows: Docket
Number
Petitioner
Deficiency
1241
Charles Russell McLean
$ 2,239.20
1242
Mildred Washburn McLean, Deceased
3,186.79
Charles Russell McLean, Executor
1265
Estate of John L. Washburn, Deceased
2,872.95
Martha Hooker Washburn, Executrix
1266
Genevieve Washburn
13,147.32
1267
Hope Wasburn
13,225.72
126
Martha Hooker Washburn
2,301.58
1269
Ruby Washburn
3,340.36
1270
Abbott M. Washburn
7,848.65
The only question presented is whether a distribution in kind by a corporation to its stockholders of securities acquired by it not out of earnings or profits, is taxable to the stockholders to the extent of the increase in value of the property from the time of acquisition by the corporation to the time of distribution. The facts are found as stipulated; the stipulation of facts is incorporated herein by reference, and the pertinent facts necessary for deciding the issue are hereinafter set forth. *56 Petitioners kept their records and filed their returns on a cash basis. Their returns for the taxable year were filed with the collector for the district of Minnesota. Findings of Fact The J. L. Washburn Estate, Inc., hereinafter referred to as the corporation, was incorporated under the laws of Minnesota, for the purpose of acquiring the residue of the estate of J. L. Washburn, deceased. The transfer was made on September 29, 1932, the sole consideration being the issuance of all of the capital stock of the corporation consisting of 500 shares. Among the assets transferred to the corporation by the estate of J. L. Washburn, deceased, were 1,000 shares of the capital stock of the Royal Mineral Association, hereinafter referred to as Mineral. On December 14, 1939, the corporation passed the following resolution authorizing the distribution to its stockholders of 850 shares of Mineral stock: "RESOLVED That J. L. Washburn Estate. Incorporated, distribute to its several stockholders, in ratable proportion to their respective holdings of stock herein, 850 of the 1,000 shares of the stock of Royal Mineral Association now owned by this corporation, * * *." Thereafter, and pursuant *57 solely to the resolution, the corporation distributed to its stockholders 850 shares of Mineral stock. The distribution was not in complete liquidation or partial liquidation of the corporation, and no other distributions were made by the corporation to its stockholders in the taxable year. On December 14, 1939, the 850 shares of Mineral stock had a fair market value of $654,680.01 and the adjusted basis to the corporation of those shares was $384,964.06. The following table shows the number of the corporation's shares held by each petitioner, the number of shares of Mineral stock received by each petitioner under the distribution of December 14, 1939, the fair market value of the Mineral stock received by each petitioner, and the adjusted basis to each petitioner of the corporation's shares: No. of
Shares of
Mineral
Received
No. of
Under the
Fair Market
Corpora-
Distribu-
Value of
Adjusted
tion's
tion of
Mineral
Basis of
Docket
Shares
December
Shares so
Corporation's
Number
Petitioner
Held
14, 1939
Received
Shares
1241
Charles Russell McLean
36
61.2
$ 47,136.96
$ 38,598.84
1242
Mildred Washburn McLean, Deceased
48
81.6
62,849.28
51,465.12
Charles Russel McLean, Executor
1265
Estate of John L. Washburn, Deceased
44
74.8
57,611.84
50,377.11
Martha Hooker Washburn, Executrix
1266
Genevieve Washburn
100
170.0
130,936.00
107,219.00
1267
Hope Washburn
100
170.00
130,936.00
107,210.00
1268
Martha Hooker Washburn
37
62.9
48,446.32
43,085.28
1269
Ruby Washburn
44
74.8
57,611.84
58,460.21
1270
Abbott M. Washburn
75
127.5
98,202.00
86,833.50
*58 On January 1, 1939, the corporation had no accumulated earnings or profits available for dividend purposes. The 1939 earnings of the corporation available for dividends, excluding the increment of $269,715.95 in the value of the 850 shares of Mineral stock distributed, amounted to $38,894.03. In filing their returns for the taxable year, each of the petitioners have used the same method of computing taxable income from the distribution of December 14, 1939. For example, Charles Russell McLean owned 36 shares of the corporation's stock. He contends that his 1939 taxable dividend from the corporation amounted to $2,800.37, being 36/500 of $38,894.03. He further contends that the gain realized by him in the taxable year upon the receipt of 61.2 shares of Mineral stock was $2,868.88, computed as follows: Value of 61.2 shares of Mineral stock
$47,136.96
Less amount taxable as a dividend
2,800.37
Capital distribution received
$44,336.59
Basis of 36 shares of corporation's
stock
38,598.84
Gain
$ 5,737.75
Long-term capital gain (50 percent)
2,868.88
Opinion Respondent contends that the distribution by the corporation of the Mineral shares which had appreciated in value *59 to the stockholders constitutes a realization of income to the extent of the increment and that the corporation's earnings and profits were correspondingly enlarged with the result that the distribution constituted a taxable dividend under section 115 (a) and (b) of the Internal Revenue Code. Petitioner's position is that the distribution of the shares represented a return of their capital investment in the shares of the corporation, and that the value of the distribution should be applied in reduction of the basis of their shares under section 115 (d) of the Internal Revenue Code. The applicable statutory provisions appear in the margin. [1]
*60 We think petitioners' contentions must be sustained under the facts of these proceedings. The respective parties agree that none of the shares of Mineral were purchased by the corporation from any of its accumulated earnings and profits. As of January 1, 1939, the corporation had no accumulated earnings or profits available for dividends. Petitioners concede that the corporation's earnings for the taxable year ($38,894.03) were available for dividends and that the distribution must be considered a dividend to the extent of $38,894.03 under the definition set forth in section 115 (a) of the Code. After that, however, there were no accumulated or current earnings available for distribution by the corporation to its stockholders, and the property distributed must have been a distribution of capital under section 115 (d) and not a dividend distribution as defined by section 115(a). Respondent admits that the precise question presented here has been decided in favor of the taxpayer in Estate of H. H. Timken, 47 B.T.A. 494, affirmed 141 Fed. (2d) 625. In that case which involved facts analogous to the facts in this proceeding, *61 it was held that the unrealized increment in the value of securities distributed in kind did not augment earnings or profits of the distributing corporation, and in the absence of actual earnings or profits, the distribution did not represent dividends to the stockholders but a return of capital to be applied against the cost basis of the stock they held in the distributing corporation. In affirming our decision, the Circuit Court of Appeals for the Sixth Circuit said: * * * This distribution of its shares was a distribution of its capital because it at that time had nothing else out of which it could make distribution and we think the case must be ruled by section 115 (d) * * *. It was also held by the Sixth Circuit that the unrealized increment in the value of the securities distributed in kind was not taxable income which would increase the distributing corporation's earnings or profits. See also National Carbon Co., Inc., 2 T.C. 57; General Utilities & Operating Co. v. Helvering, 296 U.S. 200. Respondent relies principally upon Commissioner v. Wakefield, 139 Fed. (2d) 280; Timberlake v. Commissioner, 132 Fed. (2d) 259; *62 and Binzel v. Commissioner, 75 Fed. (2d) 989, certiorari denied 296 U.S. 579. All of these cases, however, are distinguishable upon their facts. One of the distinguishing features in those cases was that the securities distributed as a dividend in kind had been purchased by the distributing corporation out of earnings and profits accrued after March 1, 1913. In this proceeding, as in the Timken case, supra, the stock distributed in kind was not purchased out of earnings or profits but was acquired by the distributing corporation in exchange for its original issue of capital stock. Respondent's determination under the issue presented is reversed. In the petitions filed herein, petitioners admit liability for some additional tax. Although respondent's determination under the issue presented is reversed. Decisions will be entered under Rule 50. Footnotes
1. Sec. 115. Distributions by Corporations. (a) Definition of Dividend. - The term "dividend" when used in this chapter (except in section 203 (a) (3) and section 207 (c) (1), relating to insurance companies) means any distribution made by a corporation to its shareholders, whether in money or in other property, (1) out of its earnings or profits accumulated after February 28, 1913, or (2) out of the earnings or profits of the taxable year (computed as of the close of the taxable year without diminution by reason of any distributions made during the taxable year), without regard to the amount of the earnings and profits at the time the distribution was made. (b) Source of Distributions. - For the purposes of this chapter every distribution is made out of earnings or profits to the extent thereof, and from the most recently accumulated earnings or profits. Any earnings or profits accumulated, or increase in value of property accrued, before March 1, 1913, may be distributed exempt from tax, after the earnings and profits accumulated after February 28, 1913, have been distributed, but any such tax-free distribution shall be applied against and reduce the adjusted basis of the stock provided in section 113. * * * * *
(d) Other Distributions from Capital. - If any distribution (not in partial or complete liquidation) made by a corporation to its shareholders is not out of increase in value of property accrued before March 1, 1913, and is not a dividend, then the amount of such distribution shall be applied against and reduce the adjusted basis of the stock provided in section 113, and if in excess of such basis, such excess shall be taxable in the same manner as a gain from the sale or exchange of property.↩