J. L. Washburn Estate, Incorporated v. Commissioner.
J. L. Washburn Estate, Inc. v. Commissioner
Docket No. 1240.
United States Tax Court
1944 Tax Ct. Memo LEXIS 57; 3 T.C.M. (CCH) 1192; T.C.M. (RIA) 44365; November 2, 1944
*57 John E. Hughes, Esq., for the petitioner. Edward C. Adams, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: This proceeding involves a deficiency in income tax of $40,166.67 and a deficiency in declared value excess profits tax of $32,365.91 for the taxable year 1939. The question presented is whether petitioner, a corporation, realized taxable gain by a distribution in kind to its stockholders of securities of another corporation which had appreciated in value. The facts are found as stipulated; the stipulation is incorporated herein by reference, and such facts as are necessary for an understanding of the issue are hereinafter set forth. Petitioner filed its return with the collector for the district of Minnesota. Findings of Fact Petitioner was incorporated under Minnesota law on August 1, 1932, for the purpose of acquiring the residue of the estate of J. L. Washburn, deceased. Petitioner's entire capital stock (500 shares) was transferred to the estate of J. L. Washburn, or the legatees or devisees thereof, solely in consideration for the transfer of the estate's assets to petitioner. As part of the residue of the estate, petitioner, *58 on September 29, 1932, acquired 1,000 shares of the capital stock of the Royal Mineral Association, hereinafter referred to as Mineral. On that date, petitioner had no accumulated earnings or profits. The 1,000 shares of Mineral acquired by petitioner constituted one-tenth of Mineral's total outstanding capital stock; the remaining 9,000 shares were owned by others who were in no way connected with petitioner or petitioner's stockholders. At a meeting of petitioner's directors on December 14, 1939, the following resolution was adopted: "RESOLVED That J. L. Washburn Estate, Incorporated, distribute to its several stockholders, in ratable proportion to their respective holdings of stock herein, 850 of the 1,000 shares of the stock of Royal Mineral Association now owned by this corporation, * * *." Thereupon, on December 14, 1939, in accordance with the resolution of the directors, petitioner distributed to its stockholders 850 shares of Mineral stock, such shares representing 1.7 shares of Mineral stock for each one share of the 500 shares of petitioner's capital stock then outstanding. This distribution was not in complete liquidation or partial liquidation within the meaning of *59 section 115 (c) of the Internal Revenue Code. Petitioner made no other distributions to its stockholders in the taxable year. After the distribution of the 850 shares of Mineral as hereinbefore set forth, petitioner still retained 150 shares of that corporation's stock. These 150 shares were surrendered by petitioner to Mineral on December 30, 1939, as a part of the complete liquidation of Mineral. In exchange for these shares, petitioner received net assets of a value of $115,531.74. The adjusted basis of the 150 shares when surrendered was $67,934.83, resulting in a gain to petitioner of $47,596.91. Petitioner reported a profit of $47,303.99 on its Federal income tax return for the taxable year with respect to the disposition of the 150 shares of Mineral stock. In the notice of deficiency, respondent increased the gain by $292.92, making a corrected profit of $47,596.91, which amount is not now disputed by petitioner. On December 14, 1939, petitioner's adjusted basis of 850 shares of Mineral stock was $384,964.06 and the fair market value thereof was $634,680.01, reflecting an appreciation in value of $269,715.95 while held by petitioner. In making its Federal income tax return *60 for the taxable year, petitioner reported no income from the distribution of the 850 shares of Mineral stock. In the notice of deficiency respondent determined that petitioner derived a taxable gain of $269,715.95 in the taxable year. Opinion The principle is well established that a distribution in kind of appreciated property does not result in taxable income or gain to the distributing corporation. General Utilities & Operating Co. v. Helvering, 296 U.S. 200; Commissioner v. Columbia Pacific Shipping Co., 77 Fed. (2d) 759. If, however, a corporation declares a dividend in a certain amount and later discharges its pecuniary obligations by a distribution of property, it realizes gain or loss upon the disposition of the property. Callanan Road Improvement Co., 12 B.T.A. 1109; Bacon-McMillan Veneer Co., 20 B.T.A. 556. The issue therefore turns upon the nature of the resolution authorizing the distribution. An examination of that resolution discloses a declaration of a dividend in kind as distinguished from a declaration of a dividend in a fixed amount to *61 be paid by a distribution of property. Respondent does not deny this. He contends, however, that the General Utilities case, supra, is unsound and inconsistent with recent decisions. We have carefully examined the cases cited by him, but find none which supports his contention. They involve the disposition of appreciated property in satisfaction of pecuniary obligations and they correctlyollow the rule applied in Callanan Road Improvement Co., supra, and in Bacon-McMillan Veneer Co., supra.
In the General Utilities case, supra, the taxpayer declared a dividend payable in stock of another corporation, the Islands Edison Company, which had appreciated in value from the time of acquisition by the taxpayer. The dividend resolution imposed only an obligation to distribute in kind. The Supreme Court in deciding in favor of the taxpayer said, "Both tribunals below rightly decided that petitioner derived no taxable gain from the distribution among its stockholders of the Islands Edison shares as a dividend." This decision represents the applicable law and in the absence of any intent on the part of the Supreme *62 Court to hold otherwise, it must be followed. See also National Carbon Co., Inc., 2 T.C. 57 (on appeal to C.C.A. 2nd [1]); Estate of H. H. Timken, 47 B.T.A. 494, 518, aff'd 141 Fed. (2d) 625. It is therefore held that petitioner realized no taxable income by reason of the distribution in kind of the appreciated Mineral stock. Accordingly, Decision will be entered under Rule 50. Footnotes
1. Commissioner's appeal dismissed, December 7, 1944.↩