Elizabeth N. Sager v. Commissioner. Carl E. Sager v. Commissioner.
Sager v. Commissioner
Docket Nos. 1301, 1302.
United States Tax Court
1944 Tax Ct. Memo LEXIS 52; 3 T.C.M. (CCH) 1176; T.C.M. (RIA) 44359; November 3, 1944
*52 Harry Gustafson, Esq., for the petitioners. Edward C. Adams, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: These proceedings, consolidated for hearing and opinion, involve deficiencies in income tax for the year 1939 as follows: Docket No.
Petitioner
Deficiency
1301
Elizabeth N. Sager
$1,098.04
1302
Carl E. Sager
1,084.96
The only question presented is whether a distribution in kind by a corporation to its stockholders of securities acquired by it not out of earnings or profits is taxable to the stockholders to the extent of the increase in value of the property from the time of acquistion by the corporation to the time of distribution. The facts are found as stipulated; the stipulation of facts is incorporated herein by reference, and the pertinent facts necessary for deciding the issue are hereinafter set forth. Petitioners filed their returns for the taxable year with the collector for the district of Minnesota. Findings of Fact The petitioners are stockholders of the Marlen Realty Company, a Minnesota corporation organized on August 24, 1925. On that date, B. F. Nelson transferred to Marlen Realty Company, hereinafter *53 referred to as Marien, two farms with the personal property thereon and 1,129 shares of common stock of Powell River Company, Ltd., of Vancouver, British Columbia, in exchange for 100 percent of the capital stock of Marlen. During the taxable year, each petitioner owned 400 shares of Marlen's common stock. On September 1, 1926, the Powell River Company, Ltd., hereinafter referred to as Powell, paid a dividend in its own 7 percent preferred stock of a par value of $100 per share at the rate of one and one-half shares of the preferred stock for each share of the common stock. Marlen, as the holder of 1,129 shares of common stock received at that time 1,693 shares of the Powell preferred stock. At a meeting of Marlen's Board of Directors held June 6, 1939, the following resolution was passed: "BE IT RESOLVED: That a distribution of Six Hundred (600) shares of the preferred stock of Powell River Company, Limited, now owned by the Marlen Realty Company, be made forthwith to the stockholders of record, as of this date, of the Marlen Realty Company, and that the said shares of the preferred stock of Powell River Company, Limited, be distributed, pro rata, to the stockholders of *54 the Marlen Realty Company, according to their respective holdings of shares; and "BE IT FURTHER RESOLVED: That the Treasurer of the Marlen Realty Company be, and hereby is, authorized and directed to spread upon the books of account of the Company the proportion of said distribution properly allocated to the Dividend account as dividends upon the total net earnings of the Company for the current year and propertion of said distribution properly allocable to the Capital account as return of capital to the stockholder; * * *." Pursuant to the above resolution, Marlen delivered to its stockholders the said 600 shares of Powell preferred stock. Each petitioner received 240 shares of Powell preferred stock. The value of the 600 shares of preferred stock on the date of distribution was $55,690.89, and the cost or other basis there of to Marlen was $31,209.54 or $52,0159 per share. On the date of distribution, the increment in the value over the cost or other basis to Marlen amounted to $24,481.35. The 240 shares of Powell stock received by each petitioner in the taxable year had a value of $22,276.35 and each petitioner's basis for the Marlen stock respectively owned was in excess of that *55 amount. On December 31, 1938, Marlen had no accumulated earnings or profits available for dividend distribution. It sustained an operating loss of $357.65 for the taxable year. Opinion Since the parties have stipulated that Marlen had neither accumulated nor current earnings or profits available for dividends during the taxable year, the issue turns upon whether the excess of fair market value of an asset distributed in kind over its cost or other basis to the distributing corporation augments the earnings or profits of the distributing corporation so that the distribution of the appreciated asset is a taxable dividend to the stockholder to the extent of the appreciation in value. Petitioners contend that the distribution of the Powell stock represented a return of their capital investment in the shares of Marlen and that the value of the distribution should be applied in reduction of the basis of their shares under section 115 (d) of the Internal Revenue Code. Respondent contends that the distribution to the stockholders of the appreciated assets constituted a realization of income to the extent of the appreciation which correspondingly enlarged the distributing corporation's *56 earnings and profits so that the distribution constituted a taxable dividend to the stockholders to the extent of the appreciation. The applicable statutory provisions are set forth in the margin. [1]
*57 The precise question here presented has been decided by us in favor of the taxpayer in Estate of H. H. Timken, 47 B.T.A. 494, aff'd 141 Fed. (2d) 625. In that case which involved facts analogous to the facts in this proceeding, it was held that the unrealized increment in the value of securities distributed in kind did not augment earnings or profits of the distributing corporation, and in the absence of actual earnings or profits, the distribution did not represent dividends to the stockholders but a return of capital to be applied against the cost basis of the stock they held in the distributing corporation. In affirming our decision, the Circuit Court of Appeals for the Sixth Circuit said: * * * This distribution of its shares was a distribution of its capital because it at that time had nothing else out of which it could make distribution and we think the case must be ruled by section 115 (d) * * *. It was also held by the Sixth Circuit that the unrealized increment in the value of the securities distributed in kind was not taxable income which would increase the distributing corporation's earnings or profits. See also *58 National Carbon Co., 2 T.C. 57; General Utilities & Operating Co. v. Helvering, 296 U.S. 200. Respondent relies principally upon Commissioner v. Wakefield, 139 Fed. (2d) 280; Timberlake v. Commissioner, 132 Fed. (2d) 259; and Binzel v. Commissioner, 75 Fed. (2d) 989, certiorari denied 296 U.S. 579. All of these cases, however, are distinguishable upon their facts. One of the distinguishing features in those cases was that the securities distributed as a dividend in kind had been purchased by the distributing corporation out of earnings and profits accrued after March 1, 1913. In this proceeding, as in the Timken case, supra, the stock distributed in kind was not purchased out of earnings or profits but was acquired by the distributing corporation in exchange for its original issue of capital stock. Respondent's determination under the issue presented is reversed. Decision of no deficiency will be entered in Docket No. 1302. Decision will be entered under Rule 50 in Docket No. 1301. *59 Footnotes
1. SEC. 115. DISTRIBUTIONS BY CORPORATIONS. (a) Definition of Dividend. - The term "dividend" when used in this chapter (except in section 203 (a) (3) and section 207 (c) (1), relating to insurance companies) means any distribution made by a corporation to its shareholders, whether in money or in other property, (1) out of its earnings or profits accumulated after February 28, 1913, or (2) out of the earnings or profits of the taxable year (computed as of the close of the taxable year without diminution by reason of any distributions made during the taxable year), without regard to the amount of the earnings and profits at the time the distribution was made. (b) Source of Distributions. - For the purposes of this chapter every distribution is made out of earnings or profits to the extent thereof, and from the most recently accumulated earnings or profits. Any earnings or profits accumulated, or increase in value of property accrued, before March 1, 1913, may be distributed exempt from tax, after the earnings and profits accumulated after February 28, 1913, have been distributed, but any such tax-free distribution shall be applied against and reduce the adjusted basis of the stock provided in section 113. * * * * *
(d) Other Distributions from Capital. - If any distribution (not in partial or complete liquidation) made by a corporation to its shareholders is not out of increase in value of property accrued before March 1, 1913, and is not a dividend, then the amount of such distribution shall be applied against and reduce the adjusted basis of the stock provided in section 113, and if in excess of such basis, such excess shall be taxable in the same manner as a gain from the sale or exchange of property.↩