JANE EASTON BRADLEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7298. Promulgated July 28, 1947.

*Granville S. Borden, Esq.*, and *Adolph C. Meyer, C. P. A.*, for the petitioner.

*T. M. Mather, Esq.*, for the respondent.

116

## OPINION.

VAN FOSSAN, *Judge*: The petitioner contends that when a corporation distributes property (no amount of money equivalent being stated) to its stockholders at a time when the value of the property distributed is higher than its cost to the distributing corporation, the earnings and profits of the distributing corporation should not be increased by the difference between the value and cost of the property

distributed in determining the earnings and profits available for distribution and in determining the portion of the value of the distribution taxable to the stockholders as dividends under section 115 of the Internal Revenue Code,[1] in so far as applicable.

The petitioner relies upon *Estate of H. H. Timken*, 47 B. T. A. 494; affd., 141 Fed. (2d) 625; *National Carbon Co.*, 2 T. C. 57 (appeal of Commissioner dismissed on stipulation, C. C. A., 2d Cir., Dec. 7, 1944); and many memorandum opinions of this Court, including *Howard C. Platt Trust*, June 25, 1945 (appeal of Commissioner dismissed upon stipulation, C. C. A., 9th Cir., 154 Fed. (2d) 1016); *Henry S. McKee*, July 15, 1944 (appeal of Commissioner dismissed upon stipulation C. C. A., 9th Cir., 150 Fed. (2d) 404); *Carl A. Fisher*, Apr. 26, 1944 (appeal of Commissioner dismissed upon stipulation C. C. A., 10th Cir., 150 Fed. (2d) 1019); *Estate of Chester A. Congdon*, June 1, 1944 (appeal of Commissioner dismissed C. C. A., 8th Cir., 150 Fed. (2d) 1021); and *Estate of John H. Acheson*, Nov. 25, 1944 (appeal of Commissioner dismissed and case remanded upon stipulation of parties Feb. 1, 1946, C. C. A., 2d Cir.).

In the *Howard C. Platt Trust* case, this Court stated:

> The precise point here presented was decided adversely to the respondent in *Commissioner* v. *Estate of Timken, et al.*, 141 Fed. (2d) 625, affirming 47 B. T. A. 494. * * * The respondent contended, as he does here, that the increase in value of the stock distributed constituted taxable income to the stockholders of the distributing corporation. The Court of Appeals, in its opinion, answered this contention as follows:
> > * * * But the difficulty with the proposition is, that a mere advance

---

[1] SEC. 115. DISTRIBUTION BY CORPORATIONS.

(a) DEFINITION OF DIVIDEND.—The term "dividend" when used in this chapter (except in section 203 (a) (3) and section 207 (c) (1), relating to insurance companies) means any distribution made by a corporation to its shareholders, whether in money or in other property, (1) out of its earnings or profits accumulated after February 28, 1913, or (2) out of the earnings or profits of the taxable year (computed as of the close of the taxable year without diminution by reason of any distributions made during the taxable year), without regard to the amount of the earnings and profits at the time the distribution was made. Such term also means any distribution to its shareholders, whether in money or in other property, made by a corporation which, under the law applicable to the taxable year in which the distribution is made, is a personal holding company, or which, for the taxable year in respect of which the distribution is made under section 504 (c) or section 506 or a corresponding provision of a prior income tax law, is a personal holding company under the law applicable to such taxable year.

\* \* \* \* \* \* \*

(d) OTHER DISTRIBUTIONS FROM CAPITAL.—If any distribution made by a corporation to its shareholders is not out of increase in value of property accrued before March 1, 1913, and is not a dividend, then the amount of such distribution shall be applied against and reduce the adjusted basis of the stock provided in section 113, and if in excess of such basis, such excess shall be taxable in the same manner as a gain from the sale or exchange of property. This subsection shall not apply to a distribution in partial or complete liquidation or to a distribution which, under subsection (f) (1), is not treated as a dividend, whether or not otherwise a dividend.

\* \* \* \* \* \* \*

(j) VALUATION OF DIVIDEND.—If the whole or any part of a dividend is paid to a shareholder in any medium other than money the property received other than money shall be included in gross income at its fair market value at the time as of which it becomes income to the shareholder.

in the value of the property is not income. It is nothing more than an unrealized increase in value. * * *

In the *Estate of John H. Acheson* case, this Court stated:

We are still of the view (especially since the retroactive amendment of the second Revenue Act of 1940) that the statute does not permit the increment in the value of the purchased shares to be regarded *per se* as within the corporation's earnings and profits, and that a distribution of such shares in kind (no amount of money equivalent being stated) constitutes a dividend of only the amount of the accumulated earnings and profits on hand at the date of distribution (excluding increment in value). To the extent of the value in excess of such accumulated earnings and profits, the Commissioner in all the dockets was in error in including the distribution in the taxpayers' dividends.

See also *First State Bank of Stratford*, 8 T. C. 831, and Committee on Finance Report No. 2114, 76th Cong., 3d sess., p. 25, discussing section 501, Earnings and Profits of Corporations, Second Revenue Act of 1940.

The respondent emphasizes, and in support of his position leans heavily upon, the fact that at the time of the acquisition of the Bunker Hill stock the distributing corporation had earnings and profits accumulated after March 1, 1913, in amounts in excess of its cost of such shares. That fact is immaterial and not determinative. Earnings and profits available for dividends do not consist of particular and specific assets. The assets of a corporation, whether cash or property other than cash, are not classified as either capital or earnings and profits. Even if the shares had been acquired out of earnings and profits, the distribution of shares would not *ipso facto* be a dividend within the meaning of section 115 (a) unless the distributing corporation had "(1) earnings or profits accumulated after February 28, 1913, or (2) * * * earnings or profits of the taxable year (computed as of the close of the taxable year without diminution by reason of any distributions made during the taxable year), without regard to the amount of the earnings and profits at the time the distribution was made" out of which to make or against which to charge the distribution made. As stated in *R. D. Merrill Co.*, 4 T. C. 955, 963, "A corporation can make no distribution of dividends without something to distribute, and any distribution of more than the residue left in earnings and profits must, necessarily and mathematically, be from either capital or paid-in surplus." Assuming that at the time the distributions were made the corporation had a deficit or no earnings available for the distribution of dividends, it could not be successfully maintained that the shares nevertheless were a distribution of dividends because at the time of their acquisition the distributing corporation had earnings and profits.

That the fact that Bunker Hill stock was acquired at a time when the distributing corporation had earnings and profits available for dividends is not determinative is shown by the action of the respondent

herein. The distribution of $2,838.90 received by the petitioner consisted of $627.34 cash and the Bunker Hill stock of the value of $2,211.56. Yet notwithstanding that the distributing corporation, at the time of its acquisition of Bunker Hill stock, had earnings and profits accumulated after March 1, 1913, in amounts in excess of its cost of such shares, respondent determined that the cash and stock distributions represented dividends to the extent of only $856.78.

The respondent relies upon *Binzel* v. *Commissioner*, 75 Fed. (2d) 989; certiorari denied, 296 U. S. 579; and *Commissioner* v. *Wakefield*, 139 Fed. (2d) 280. These cases are distinguishable. In the *Binzel* case the decision of the court apparently rested mainly on the failure of the taxpayer to prove that the earnings and profits of the distributing corporation were not sufficient to cover the value of the stock at the time of distribution. In the *Wakefield* case the court based its opinion primarily on section 115 (j), for it stated that this section in express terms required that the decision of the Tax Court be reversed. Moreover, since its decision in that case the Circuit Court of Appeals for the Sixth Circuit has affirmed the decision of this Court in the *Timken* case, *supra*.

We have found that Mining did not have earnings and profits, with or without resorting to the appreciation in value of the 34,400 shares of Bunker Hill distributed to its shareholders, to cover the distributions made by it in 1941, either at the fair market value at the dates of distribution or at adjusted cost to Mining. The petitioner, in 1941, received 105 shares of Bunker Hill of the fair market value as of September 15, 1941, of $1,260; 105 shares of Bunker Hill of the fair market value as of December 29, 1941, of $951.56; and cash in the amount of $627.34, or a total of $2,838.90. The adjusted cost basis to Mining of the 210 shares of Bunker Hill received by petitioner was $1,452.57. The Commissioner, as heretofore pointed out, determined that the amount of only $856.72 of the total distributions was taxable as dividends to the petitioner. In making such determination he increased Mining's earnings and profits by including therein the appreciation in value at the dates of distribution of the Bunker Hill shares, or the difference between their fair market value at the dates of distribution and their adjusted cost basis to Mining. This was error on his part. *Estate of H. H. Timken, supra;* and *National Carbon Co., supra.*

It was agreed by the parties that if the respondent erred in his determination of the portion of the 1941 distributions taxable as dividends to petitioner, there was an overpayment of tax for that year of $88.28.

*Decision will be entered under Rule 50.*